INHABITANTS OF WINTHROP, Petitioners,

*vs.*

INHABITANTS OF READFIELD.

Kennebec.    Opinion April 27, 1897.

*Town-Lines.    Commissioners.    Qualification.    Waiver.    R. S., c. 3, § 67.*

The power of commissioners appointed under R. S., c. 3, § 67, to ascertain and determine the location of a line in dispute between adjoining towns, is analogous to that of referees under an unrestricted rule of reference, who are judges of the law as well as of the facts involved, and whose conclusion, as shown by their direct and unconditional award, in the absence of any improper motive, will not be inquired into.

All findings of such commissioners upon questions of fact and conclusions upon matters of law involved are final.

Although the power of the court has not been exhausted when the commissioners have been appointed, but continues until their report is offered and passed upon, the court has no power to review the conclusions of the commissioners upon questions of law or fact involved, but only to inquire into the conduct and motives of the commissioners, when anything improper in that respect is alleged, and as to whether the proceedings have been in accordance with the statute and their report legally correct as to form.

It is not necessary that such commissioners should be sworn; it is neither required by the statute providing for their appointment nor by any general rule or statute.

But even if it were otherwise, the objection comes too late. If the commissioners were not sworn it must be presumed that the party now objecting had knowledge of that fact, unless the contrary is shown. A party who has knowledge of a purely technical objection will not be allowed to take the chance of a decision in his favor, and be given the opportunity of first raising the objection after the decision, if it should be against him.

That one of the commissioners had previously been employed by one of the towns, to run the line as a surveyor, does not disqualify him from acting as one of the commissioners appointed under this statute.

ON EXCEPTIONS BY DEFENDANT.

This was a proceeding under R. S., c. 3, § 67, to determine the location of a line in dispute between the towns of Winthrop and Readfield. The defendant filed the following motion to dismiss the commissioners' report:

Supreme Judicial Court, Kennebec County.
October Term, 1895.

And now the respondent objects to the acceptance of the return and report of the commissioners, appointed under said petition, and filed at the present term of said court, and moves its dismissal for the following reasons, or its recommitment to the commissioners with instruction as to the legal construction of the Act of 1810.

1. Because said commissioners were not sworn before entering upon the discharge of their duties under said petition as is required by law.

2. Because Wm. B. Getchell, one of the commissioners appointed by the court to run said line in dispute, had been employed by the town of Winthrop as a surveyor to run such line in company with the selectmen of Winthrop on an ex-parte perambulation of the same; and he did run said line a short time before his appointment by the court, which employment and running were unknown to the town of Readfield at the time said commissioners were appointed; and that said Getchell was suggested to the court for appointment on said commission by the attorney for said Winthrop.

3. Because their report goes beyond and outside of their commission and the provisions and requirements of the statute.

4.   Because the commissioners in their attempt to sustain and maintain their position and action, have stated a part of the facts only, and not all the evidence before them, and if any of the facts upon which their decision is based are to be reported to the court, justice and right require that they all be so reported.

5.   Because it appears by the facts reported by them, that their construction of the Act of February 24, 1810, passed by the legislature of Massachusetts, as set forth in their report, was not in accordance with the law and evidence in the case.

6.   Because there can be no transfer or set-off of territory from one town to another, where there is no dispute as to the dividing line, except by some clear, affirmative, legislative declaration, showing an intention on the part of the legislature to transfer land or inhabitants from one incorporated town to another.

7.   Because the line as reported by the commissioners sets off and transfers from the town of Readfield to the town of Winthrop some fifty acres of territory with eight valuable cottages, an expensive hotel, with land improvements of the aggregate value of twenty-five thousand dollars, thereby making the owners and occupants of such property and territory citizens of the town of Winthrop for all practical and municipal purposes, without any legislative enactment.

8.   Because their determination of the line in dispute is not legally correct.

The presiding justice overruled the objections and ordered the report to be accepted.   The defendant excepted to these rulings and order.

*L. T. Carleton*, for plaintiff.

Commissioners not required to be sworn:   R. S., c. 3, § 67; same being the case as to referees, and auditors.   Report itself need not state whether or not an oath is administered, when required. *Somerset* v. *Glastonbury*, 61 Vt. 449.   The fact of not being sworn must be proved in court in order to sustain the objection; and exceptions to the ruling of the court upon such objections must

show that the facts alleged were proved. No evidence was offered upon this point. *Nutter* v. *Taylor*, 78 Maine, 424.

Getchell not disqualified and objection is not proved. *Nutter* v. *Taylor*, supra.

Authority of commissioners same as a referee: *Brown* v. *Clay*, 31 Maine, 518; *Hall* v. *Decker*, 51 Maine, 31; *Mitchell* v. *Dockray*, 63 Maine, 82; *Hagar* v. *Ins. Co.*, 63 Maine, 71; *Morse* v. *Morse*, 62 Maine, 443; *Frison* v. *DePeiffer*, 83 Maine, 71.

*E. O. and F. E. Beane*, for defendant.

Getchell not disinterested, and report not made under oath; the tribunal acted in a judicial capacity and should have been sworn. The determination of the Act of 1810 was a judicial question and its decision, as well as the discharge of all their duties, should have been under oath. *Bradstreet* v. *Erskine*, 50 Maine, 407.

The facts of taxation and descriptions in deeds have probative force as showing the practical construction of the Act of 1810 by the contemporaneous acts of those living under it and affected by it. Much weight is given by courts to such interpretation of a statute at the time, and since by those whose duty it has been to construe, execute and apply. *Packard* v. *Richardson*, 17 Mass. 143, 144; *French* v. *Cowan*, 79 Maine, 426; *Chestnut* v. *Shane's Lessee*, 16 Ohio, 603, (47 Am. Dec. 387.)

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, JJ.

WISWELL, J. Various objections were made at nisi prius, by counsel for the town of Readfield, to the acceptance of the report of commissioners appointed by the court under R. S., c. 3, § 67, to ascertain and determine the location of a line in dispute between these towns. The court overruled the objections and ordered the report accepted and confirmed, to which ruling and order exceptions were taken by the town of Readfield.

It becomes important to clearly understand exactly what power and discretion the court has in regard to the acceptance of a report of such commissioners.

It was formerly held in this state that, in proceedings under the statute referred to, the court had no further duty nor power than to appoint the commissioners; that the report need not be accepted, and that its acceptance was not authorized; that the report itself, if in accordance with law, was final and conclusive. *Monmouth* v. *Leeds*, 76 Maine, 28.

But later, when the same proceeding came before the court upon a question of costs, this court, in an opinion by the Chief Justice, took occasion to express quite a different view upon this question and referred to the fact that the earlier statutes expressly required that the report of the commissioners should be passed upon by the court, and that this provision had been omitted in the different revisions of the statutes with no legislative change and simply for the sake of brevity. In that case, it is said: "We do not see why the court should not so far control the proceeding that it may, as in cases before referees, prevent a report being final until satisfied of its freedom from fraud and of its legal correctness." *Monmouth* v. *Leeds*, 79 Maine, 171.

But it was not meant, by the expression, "satisfied . . . of its legal correctness," that the court might review the conclusion of the commissioners upon any legal question that might arise. All findings of the commissioners, upon questions of fact and conclusions upon matters of law involved, are final. The only power and discretion of the court, in this respect, is to ascertain and determine if the report is legally correct in form and if all the proceedings have been in compliance with the statute. The power of such commissioners is analogous to that of referees under an unrestricted rule of reference, who are judges of the law as well as of the facts involved, and whose conclusion, as shown by their direct and unconditional award, in the absence of any improper motive, will not be inquired into. So, in a matter of this kind, although the power of the court has not been exhausted when the commissioners have been appointed, but continues until their report is offered and passed upon, the court has not the power to review the conclusions of the commissioners upon questions of law or fact involved, but only to inquire into the conduct and motives

of the commissioners, if anything improper in that respect is alleged, and as to whether the proceedings have been in accordance with the statute and their report legally correct as to form.

This view disposes of many of the objections made to the acceptance of the report. The one most relied upon is as to the construction by the commissioners of an act of the legislature of Massachusetts, passed in 1810, whereby that portion of the line in controversy was established. But the construction of this act was one of the matters necessarily committed to the commissioners; and, although we have examined the act and think that the construction placed thereon by the commissioners was correct, the result would be the same if we should differ with them as to the meaning of this act, their determination being conclusive.

Several of the other objections are involved in the one just considered. It is certainly true that the territorial limits of towns must be established by legislative action; without it no portion of the territory of one municipality can be set off to another. The act of the Massachusetts legislature of 1810 established the line in controversy between these adjoining towns, but as to what is meant by that act, and as to where upon the face of the earth the line thus established is, must be determined by some tribunal with jurisdiction in the premises. As we have already seen, the statute provides for the appointment of a tribunal in matters of this kind, whose conclusions upon all questions properly arising are final.

Other objections made go more to the correctness and legality of the proceedings. It is said that the commissioners were not sworn and their report does not show that they were. We do not think it necessary that the commissioners should have been sworn. The statute providing for their appointment does not require it and we know of no general rule or requirement which makes it necessary. *Lewis* v. *Foster*, 65 Maine, 555. But even if it were otherwise the objection comes too late. If the commissioners were not sworn, it must be presumed that the party now objecting had knowledge of that fact, unless the contrary is shown. A party who has knowledge of a purely technical objection will not be allowed to take the chance of a decision in his favor, and be given the oppor-

tunity of first raising the objection after the decision, if it should be against him. *Raymond* v. *County Commissioners*, 63 Maine, 110.

Objection is also made that one of the commissioners had been previously employed by the town of Winthrop, as a surveyor, to run the line in dispute, and that in company with the selectmen of Winthrop he had run this line, which employment, it is said, was unknown to the town of Readfield at the time of the appointment of the commissioners. We think there is nothing in this objection; that the fact that one of the commissioners had previously been employed by one of the towns to run the line as a surveyor in no way disqualified him from acting as one of the commissioners appointed under this statute.

*Exceptions overruled.*