INHABITANTS OF FAYETTE *vs.* INHABITANTS OF READFIELD.

Kennebec.    Opinion, January 18, 1934.

*McLean, Fogg & Southard*, for plaintiff.
*Charles J. Cole*,
*George W. Heselton*, for defendant.

SITTING: PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.   This case is before this court on exceptions by the Town of Readfield to the acceptance by a Justice of the Superior Court of a report of commissioners appointed in accordance with the provisions of R. S. 1930, Chap. 5, Sec. 191, to determine the boundary line between the towns of Fayette and Readfield.

The line in dispute is the easterly line of Fayette and the westerly line of Readfield. This line in the articles of incorporation of the Town of Fayette is designated as follows, the part of the description italicized describing the line itself: "Beginning at the northeast corner of Livermore; thence running south in the east line of Livermore seven miles and ninety rods; thence east about

three miles and ninety rods to the Thirty Mile River, so called; *thence northerly by said River to Lane's pond, so called; thence northerly by said pond on the easterly side thereof to the most northerly and easterly branch of the same; thence north to the most southerly and easterly branch of Crotchet pond; thence on the same course to the southerly line of Mount Vernon.*"

The commissioners were evidently faced with a difficult problem. It is perfectly clear, however, that the line which they have established does not follow the description as called for by the legislative enactment incorporating the town. For at least a part of the distance the commissioners have run a straight line through Lane's Pond in place of a line running "northerly by said pond on the easterly side thereof."

The presiding Justice felt that under the authority of the case of *Winthrop* v. *Readfield*, 90 Me.. 235, 38 A., 93, he had no power to recommit or set aside the report. That he was in absolute disagreement with it is evident from his language, when he says: "The report of this commission shown by its language and by the accompanying plan shows that it ascertained and determined a straight line over the water of Lane Pond instead of by said pond on the Easterly side of it. If I believed I had the legal right to re-commit this to the commission for correction of what I consider a palpable error, I should do so. I do not, because I feel bound by the law enunciated in *Winthrop* v. *Readfield* aforesaid and do not consider that I have the right to enlarge, expand or subvert the law in that case. If that case is to be reversed, it is for the Supreme Judicial Court to do it."

The legislature alone has authority to establish and to change the boundaries of towns. *Ham* v. *Sawyer*, 38 Me., 37. The authority of the commissioners appointed under the statute to ascertain and determine town lines in dispute is limited to fixing the line which the legislature has designated. They have no power to establish a new one. *Lisbon* v. *Bowdoin*, 53 Me., 327.

The case of *Winthrop* v. *Readfield*, 90 Me., 235, holds that the conclusions of the commissioners both as to fact and law are final and even though incorrect can not be set aside by the Court. The Court there said, pages 239-240: "All findings of the commissioners, upon questions of fact and conclusions upon matters of law in-

volved, are final. The only power and discretion of the Court, in this respect, is to ascertain and determine if the report is legally correct in form and if all the proceedings have been in compliance with the statute. The power of such commissioners is analogous to that of referees under an unrestricted rule of reference, who are judges of the law as well as of the facts involved, and whose conclusion, as shown by their direct and unconditional award, in the absence of any improper motive, will not be inquired into. So in a matter of this kind, although the power of the Court has not been exhausted when the commissioners have been appointed, but continues until their report is offered and passed upon, the Court has not the power to review the conclusions of the commissioners upon questions of law or fact involved, but only to inquire into the conduct and motives of the commissioners, if anything improper in that respect is alleged, and as to whether the proceedings have been in accordance with the statute and their report legally correct as to form."

The Justice, who affirmed the report of the commissioners, found in it nothing incorrect in form and no non-compliance with the statute, and also no improper conduct on their part, nor any bias, prejudice or fraud. In spite of such finding and conceding the good faith and proper motives of the commissioners, we do not believe that the case of *Winthrop* v. *Readfield*, supra, intended to hold that the Court is powerless to correct an error, where on the face of the record it is perfectly apparent that the commissioners went beyond the authority given them by the statute, and instead of trying to determine the line as called for by the legislature, established one obviously at variance with it. To so hold would place such commissioners above the law from which alone they derive their power.

We think that in this case it was within the province of the Court to sustain the objections of the Town of Readfield. Whether in so doing the report should be recommitted or new commissioners appointed is for the presiding Justice to determine.

*Exception sustained.*